# EXHIBIT A

## CERTIFIED COPY OF KAZAKH DECISION

NEWYORK 7464335 (2K)

Дело № 2-24/2009  Копия

РЕШЕНИЕ
ИМЕНЕМ РЕСПУБЛИКИ КАЗАХСТАН

16 октября 2009 года                                                                     г. Алматы

Специализированный финансовый суд в г. Алматы в составе:
председательствующего судьи Кыдырбаевой А.К.,
при секретаре судебного заседания Сейтмустафа Б.,
с участием:
прокурора Рамазанова Д.М.,
представителя заявителя: Жиленко А.В., действующего по доверенности №01-85-3-1/4317 от 8 сентября 2009 года,
представителей заинтересованного лица Агентства Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций Тойматова Д.Р., действующего по доверенности №97 от 14 октября 2009 года, Бубеева М.С., действующего по доверенности №96 от 14 октября 2009 года, Кусаиновой Ж., действующей по доверенности №98 от 14 октября 2009 года,
рассмотрев в открытом судебном заседании 16.10.2009 года в г. Алматы в здании суда гражданское дело по заявлению Акционерного общества «БТА Банк» о реструктуризации,

УСТАНОВИЛ:

АО «БТА Банк» обратилось в суд с заявлением о реструктуризации АО «БТА Банк» на основании ст.59-2 Закона РК «О банках и банковской деятельности в Республике Казахстан», указывая, что 18 мая 2007 года АО «БТА Банк» заключило с банком Morgan Stanley Bank International Limited, кредитором, и Morgan Stanley & Co. International plc, административным агентом, Кредитное Соглашение о предоставлении АО «Банк ТуранАлем» кредитной линии на общую сумму 36 420 000 000 японских иен согласно условиям Соглашения.

В связи со сменой контроля над АО «БТА Банк» в виде смены основного собственника, выразившегося выкупом контрольного пакета акций АО «Фонд национального благосостояния Самрук-Казына», что расценивается по установленному Кредитным Соглашением правилу, а именно условиям пункта 7.2., как возможность Кредитора потребовать досрочного исполнения обязательств, 27 марта 2009 года Morgan Stanley Bank International Limited направил в адрес АО «БТА Банк» требование о

ФС000022

2

досрочном погашении кредита в срок до 30 марта 2009 года на общую сумму 36 529 627 994 японских иен (с учётом начисленного вознаграждения).

АО «БТА Банк» в связи с недостаточностью денег не смогло исполнить свои обязательства по возврату займа по кредитному соглашению, то есть, АО «БТА Банк» оказалось неспособно исполнить требования кредитора по кредитному соглашению в сроки, превышающие семь календарных дней с момента наступления даты их исполнения, в связи с недостаточностью денег у АО «БТА Банк».

Кроме того, АО «БТА Банк» также не исполнило свои обязательства по ряду иных соглашений с кредиторами.

30 июня 2009 года Агентство Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций заключило с АО «БТА Банк» письменное соглашение по вопросам реструктуризации АО «БТА Банк».

11 августа 2009 года Агентство Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций заключило с АО «БТА Банк» дополнительное письменное соглашение №1 по вопросам реструктуризации АО «БТА Банк».

17 сентября 2009 года Совет Директоров АО «БТА Банк» принял решение о реструктуризации АО «БТА Банк».

18 сентября 2009 года АО «БТА Банк» направило в Агентство Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций решение Совета Директоров АО «БТА Банк» от 17 сентября 2009 года о реструктуризации АО «БТА Банк» и проект плана реструктуризации АО «БТА Банк».

24 сентября 2009 года АО «БТА Банк» направило в Агентство Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций Меморандум о взаимопонимании с Комитетом кредиторов, расчёты с учётом опций, предложенных Комитетом кредиторов, скорректированный План реструктуризации и рекапитализации Банка и расчёты с учётом опций, предложенных банком.

25 сентября 2009 года АО «БТА Банк» направило в Агентство Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций дополнительную информацию к Плану реструктуризации и рекапитализации Банка в части изменённых опций Банка по инструментам торгового финансирования.

05 октября 2009 года Агентство Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций заключило с АО «БТА Банк» дополнительное письменное соглашение №2 по вопросам реструктуризации АО «БТА Банк».

26 сентября 2009 года Агентство Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций вынесло постановление правления Агентства Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций №219 об одобрении плана реструктуризации АО «БТА Банк».

3

Основанием для подачи заявления о реструктуризации АО «БТА Банк» явилось в соответствии со статьей 59-2 Закона Республики Казахстан «О банках и банковской деятельности в Республике Казахстан» неспособность АО «БТА Банк» исполнять требования отдельных кредиторов по обязательствам в сроки, превышающие семь календарных дней с момента наступления даты их исполнения, в связи с отсутствием или недостаточностью денег у АО «БТА Банк».

Многие из кредиторов АО «БТА Банк» являются нерезидентами Казахстана, поэтому существует значительный риск инициирования судебных разбирательств против АО «БТА Банк» в иностранных юрисдикциях, а также замораживания иностранных активов и международных переводов АО «БТА Банк» по требованию иностранных кредиторов на длительный период времени.

Для того, чтобы получить судебную защиту от иностранных кредиторов на период реструктуризации и после ее завершения, АО «БТА Банк» потребуется обратиться в судебные органы зарубежных стран за признанием реструктуризации в Казахстане на основании решения специализированного финансового суда в г. Алматы.

Такими зарубежными странами, в частности, являются США и Великобритания, которые приняли свое внутреннее законодательство в соответствии с Типовым Законом ЮНСИТРАЛ (Комиссия ООН по Международному Торговому Праву) о Трансграничной Несостоятельности 1997 года.

В соответствии с Типовым Законом ЮНСИТРАЛ о Трансграничной Несостоятельности 1997 года АО «БТА Банк» должно будет доказать на основании решения специализированного финансового суда, что:

1) Судебное разбирательство в Казахстане является «иностранным производством», то есть судебным производством, проводимым в соответствии с законодательным актом, касающимся несостоятельности, и в рамках которого активы и деловые операции должника подлежат контролю или надзору со стороны суда в целях реорганизации или ликвидации.

2) Лица, предлагаемые АО «БТА Банк», являются «иностранными представителями», то есть лицами, которые в рамках «иностранного производства» уполномочены управлять реорганизацией или ликвидацией активов или деловых операций АО «БТА Банк» или совершать действия в качестве представителя «иностранного производства».

3) Специализированный финансовый суд в г. Алматы осуществляет реальный и эффективный контроль над реструктуризацией АО «БТА Банк».

4) Способы уведомления АО «БТА Банк» кредиторов являются адекватными и соответствующими конкретным обстоятельствам.

5) Кредиторы АО «БТА Банк» имеют достаточно времени для изучения информационного меморандума, содержащего план реструктуризации, проведения своих внутренних корпоративных процедур, выбора приемлемых опций реструктуризации и подготовки к собранию кредиторов в целях получения одобрения плана реструктуризации.

4

6) В судебном заседании, на котором, в случае одобрения плана реструктуризации кредиторами, будет утверждаться план реструктуризации, может принять участие и высказать свои возражения любой кредитор.

7) Специализированный финансовый суд в г. Алматы утвердит план реструктуризации, только определив, что, с учетом установленных специализированным финансовым судом в г. Алматы критериев, план реструктуризации является по процедуре и по существу справедливым для кредиторов.

АО «БТА Банк» просит определить срок для завершения реструктуризации не позднее 05 сентября 2010 года и определить Сайденова Анвара Галимуллаевича, Председателя Правления АО «БТА Банк», (удостоверение личности № 018603860, выдано 26 октября 2005 года) в качестве лица, ответственного за проведение реструктуризации, созыв и проведение собрания кредиторов, а также «иностранного представителя» в значении Типового Закона ЮНСИТРАЛ о Трансграничной Несостоятельности 1997 года.

В судебном заседании представитель заявителя просил удовлетворить заявление о реструктуризации со всеми вытекающими последствиями в полном объеме.

Представители заинтересованного лица Агентства Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций в судебном заседании считали возможным удовлетворить заявление о реструктуризации АО «БТА Банк» в полном объеме, согласившись со сроками, кандидатурой, указанных в нем.

Выслушав пояснения представителей заявителя, заинтересованного лица, заключение прокурора, полагавшего заявление подлежащим удовлетворению, суд считает необходимым удовлетворить заявление на основании нижеследующего.

В соответствии со ст. 59-2 Закона Республики Казахстан «О банках и банковской деятельности в Республике Казахстан» основанием для реструктуризации банка является неспособность его исполнить требования отдельных кредиторов по обязательствам в сроки, превышающие семь календарных дней с момента наступления даты их исполнения, в связи с недостаточностью денег.

18 мая 2007 года АО «БТА Банк» заключило с банком Morgan Stanley Bank International Limited, кредитором, и Morgan Stanley & Co. International plc, административным агентом, кредитное соглашение о предоставлении АО «Банк ТуранАлем» кредитной линии на общую сумму 36 420 000 000 японских иен.

В соответствии с пунктом 7.2. названного кредитного соглашения кредитор в связи со сменой контроля над АО «БТА Банк», выразившегося в выкупе контрольного пакета акций АО «Фонд национального благосостояния Самрук-Казына», 27.03.2009 года направил в адрес АО «БТА Банк» требование о досрочном до 30.03.2009 года исполнении обязательств.

5

АО «БТА Банк» в связи с недостаточностью денег не смогло исполнить свои обязательства по кредитному соглашению в сроки, превышающие семь календарных дней с момента наступления даты их исполнения.

Указанное подтверждается условиями кредитного соглашения от 18 мая 2007 года между АО «БТА Банк, Morgan Stanley Bank International Limited и Morgan Stanley & Co. International plc, письмом Morgan Stanley Bank International Limited, Morgan Stanley & Co. International plc с требованием об исполнении обязательства до 30.03.2009 года, неисполнением обязательства в указанные сроки и включением данного обязательства в План реструктуризации заимствований и рекапитализации АО «БТА Банк», утвержденный решением Правления АО «БТА Банк» №40 от 18.09.2009 года, одобренный постановлением Правления Агентства Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций №219 от 26.09.2009 года.

Согласно ст. 312-4 ГПК РК рассмотрев заявление о реструктуризации финансовой организации, суд выносит решение о проведении реструктуризации финансовой организации.

Учитывая вышеизложенное, принимая во внимание, что часть кредиторов находится в зарубежных странах, суд, исходя из критерия разумности, руководствуясь ст. 6 ГПК РК, считает необходимым удовлетворить заявление о реструктуризации в полном объеме.

В соответствии с п.8-11 ст. 59-3 Закона Республики Казахстан «О банках и банковской деятельности в Республике Казахстан» АО «БТА Банк» обязано провести собрание кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, представить на утверждение план реструктуризации, который будет считаться справедливым для всех кредиторов по реструктурируемым обязательствам АО «БТА Банк», только если добросовестное лицо, являющееся кредитором, действующим в своих собственных интересах, может с достаточным основанием одобрить его, и утвержден судом при условии, что он является по процедуре и по существу справедливым для всех кредиторов по реструктурируемым обязательствам АО «БТА Банк», с учетом материалов, представленных АО «БТА Банк» и кредиторами по реструктурируемым обязательствам АО «БТА Банк», информационного меморандума и каких-либо возражений кредиторов или других заинтересованных лиц.

На основании изложенного, руководствуясь ст. ст. 163, 217-221, 235, 237, главой 34-1 ГПК РК, главой 6-1 Закона Республики Казахстан «О банках и банковской деятельности в Республике Казахстан», суд

Р Е Ш И Л:

Удовлетворить заявление Акционерного Общества «БТА Банк» о реструктуризации.

6

Провести реструктуризацию Акционерного Общества «БТА Банк» (050051 г. Алматы микрорайон «Самал-2», улица Жолдасбекова, 97, РНН 600900114104, БИК 190501319, ИИК 300166019 в Управлении учета монетарных операций НБ РК) в срок не позднее 5 сентября 2010 года.

Определить Сайденова Анвара Галимуллаевича, Председателя Правления АО «БТА Банк», лицом, ответственным за проведение реструктуризации АО «БТА Банк», созыв и проведение собрания кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать.

Определить Сайденова Анвара Галимуллаевича лицом, действующим в качестве председателя собрания кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, и представляющим план реструктуризации на утверждение специализированного финансового суда в г. Алматы.

Определить Сайденова Анвара Галимуллаевича в качестве «иностранного» представителя АО «БТА Банк», уполномоченного осуществлять реструктуризацию АО «БТА Банк» и представляющего АО «БТА Банк» в целях осуществления любых связанных с реструктуризацией процедур, начатых АО «БТА Банк» за пределами Республики Казахстан, в том числе процедур в отношении признания реструктуризации и назначения названного лица для участия в них.

Признать настоящее судебное разбирательство по заявлению о реструктуризации АО «БТА Банк» в качестве судебного разбирательства в соответствии с законодательством Республики Казахстан о несостоятельности, в рамках которого деятельность АО «БТА Банк» подлежит надзору со стороны Агентства Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций в целях реструктуризации.

Обязать АО «БТА Банк»:

- в течение семи календарных дней со дня вступления в законную силу решения суда о реструктуризации информировать о реструктуризации депозиторов, кредиторов, банки-корреспонденты и иных клиентов путем публикации соответствующего объявления в двух периодических печатных изданиях, распространяемых на всей территории Республики Казахстан, на государственном и русском языках;

- подготовить и направить кредиторам по реструктурируемым обязательствам АО «БТА Банк» информационный меморандум, включающий в себя перечень обязательств, подлежащих реструктуризации, план реструктуризации, подлежащий одобрению кредиторами, описывающий процесс реструктуризации, опции реструктуризации для кредиторов и финансово-экономическое положение АО «БТА Банк»;

- опубликовать уведомление о созыве собрания кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, в международном издании «Файнэншл Таймс», «Уолл Стрит Джорнал», в ведущих российских и казахстанских газетах (с направлением копии

7

уведомления в Депозитарную Трастовую Компанию (DTC), в Евроклиринг (Euroclear) и Клиринговую систему Clearstream для передачи их участникам для последующей передачи конечным собственникам облигаций, выпущенных компаниями «TuranAlem Finance B.V.», «BTA Finance Luxemburg S.A.», ООО "ТуранАлем Финанс" и направлением копии уведомления регистраторам облигаций, выпущенных или гарантированных АО «БТА Банк» и «TuranAlem Finance B.V.», «BTA Finance Luxemburg S.A.», ООО "ТуранАлем Финанс»;

-разместить уведомление о созыве собрания кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, в системе Bloomberg, в службе информации и на корпоративном веб-сайте АО «БТА Банк»;

-указать в уведомлении о созыве собрания кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, способы получения копии информационного меморандума, формы доверенности, формы требования и формы выбора опции реструктуризации, а также иной соответствующей информации;

-указать в уведомлении о созыве собрания кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, что каждый кредитор по реструктурируемым обязательствам должен соответствовать собственным корпоративным требованиям для получения надлежащих полномочий на голосование и для надлежащего назначения представителя по доверенности;

-созвать собрание кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, по адресу, указанному в информационном меморандуме, в целях проведения с ними переговоров и получения одобрения плана реструктуризации;

-в случае одобрения в установленном порядке плана реструктуризации АО «БТА Банк» собранием кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, после выполнения требований, предусмотренных в п.9 ст. 59-3 Закона Республики Казахстан «О банках и банковской деятельности в Республике Казахстан», представить его на утверждение специализированному финансовому суду в г. Алматы с протоколом собрания кредиторов об одобрении плана реструктуризации в порядке, предусмотренном законодательством Республики Казахстан;

-публично в порядке, установленном законодательством Республики Казахстан, проинформировать о дате заседания специализированного финансового суда в г. Алматы по вопросу об утверждении плана реструктуризации.

Признать за всеми кредиторами АО «БТА Банк» по реструктурируемым обязательствам и иными заинтересованными лицами право участвовать в заседании специализированного финансового суда в г. Алматы по вопросу об утверждении плана реструктуризации лично, либо через представителя в установленном порядке путем представления

8

возражения с приложением письменных объяснений и документов, подтверждающих обоснованность возражения.

Отменить обеспечение иска, принятое судами в отношении АО «БТА Банк» и его имущества до вынесения решения о проведении реструктуризации АО «БТА Банк».

С момента вступления в законную силу решения суда о проведении реструктуризации АО «БТА Банк»:

-приостановить исполнение ранее принятых решений судов, арбитражных и третейских судов об удовлетворении требований по обязательствам АО «БТА Банк», которые предполагается реструктурировать;

-приостановить исполнение требований кредиторов АО «БТА Банк», обязательства перед которыми предполагается реструктурировать, заявленных до вступления в силу решения суда о проведении реструктуризации и в период реструктуризации АО «БТА Банк»;

-не допускать обращение взыскания на имущество АО «БТА Банк».

Копию решения направить АО «БТА Банк», Агентству Республики Казахстан по регулированию и надзору финансового рынка и финансовых организаций, в территориальные органы исполнительного производства для исполнения.

Решение вступает в законную силу со дня принятия и подлежит немедленному исполнению.

Судья                                                                                         А.К.Кыдырбаева

Копия решения на 8 листах верна:

Судья                         [signature]                                   А.К.Кыдырбаева

Справка.
Решение вступило в законную силу 16.10.2009 года.

Судья                         [signature]                                   А.К.Кыдырбаева

Копия решения выдана 16.10.2009 года