## EXHIBIT B

## ENGLISH TRANSLATION OF KAZAKH DECISION

Case No. 2-24/2009                                                                 Copy

# DECISION
## IN THE NAME OF THE REPUBLIC OF KAZAKHSTAN

16 October 2009                                                                  Almaty

The Almaty Specialized Financial Court, consisting of:

the presiding Judge Kydyrbaeva A.K.,

Secretary Seitmustafa B.,

Attendees:

Prosecutor Ramazanov D.M.,

representatives of the claimant: Zhilenko A.V., acting on the basis of power of attorney no. 01-85-3-1/4317 dated 8 September 2009;

representatives of the interested party - the Agency of the Republic of Kazakhstan on Regulation and Supervision of the Financial Market and Financial Organisations: Toimatov D.R., acting on the basis of power of attorney no. 97 dated 14 October 2009; Bubeyev M.S., acting on the basis of power of attorney no. 96 dated 14 October 2009 and Kusainova Zh., acting on the basis of power of attorney no. 98 dated 14 October 2009,

having considered in an open court hearing held on 16 October 2009 in Almaty a civil case of the application for restructuring filed by Joint Stock Company BTA Bank,

## HAS ESTABLISHED THAT:

JSC BTA Bank filed the application for restructuring of JSC BTA Bank in accordance with Article 59-2 of the Law of the Republic of Kazakhstan "On banks and banking activity in the Republic of Kazakhstan", indicating that on 18 May 2007 JSC BTA Bank entered into the Credit Agreement with Morgan Stanley Bank International Limited (the Creditor) and Morgan Stanley & Co. International plc as the Administrative Agent pursuant to which JSC BTA Bank was provided with a credit facility for the total amount of 36 420 000 000 Japanese yens in accordance with the terms of the Credit Agreement.

Due to the change of control over JSC BTA Bank by way of change of the main owner through the acquisition of the controlling stake in JSC BTA Bank by JSC National Welfare Fund Samruk-Kazyna, which, pursuant to the Credit Agreement (specifically, section 7.2.), is treated as the Creditor having the possibility of demanding JSC BTA Bank to early fulfil its obligations, on 27 March 2009 Morgan Stanley Bank International Limited sent JSC BTA Bank a request to early repay the loan in the amount of 36 529 627 944 Japanese yens (including the interest accrued) by 30 March 2009.

Due to insufficiency of funds, JSC BTA Bank could not fulfil its obligations to repay the loan under the Credit Agreement. That is, JSC BTA Bank became unable to fulfil its obligations before the creditor under the Credit Agreement within 7 calendar days following the due date because of insufficiency of funds of JSC BTA Bank.

In addition, JSC BTA Bank did not fulfil its obligations before creditors under a number of other agreements.

On 30 June 2009 the Agency of the Republic of Kazakhstan for Regulation and Supervision of the Financial Market and Financial Organisations and JSC BTA Bank executed the agreement in writing on JSC BTA Bank restructuring.

On 11 August 2009 the Agency of the Republic of Kazakhstan for Regulation and Supervision of the Financial Market and Financial Organisations and JSC BTA Bank executed supplement agreement in writing no.1 on JSC BTA Bank restructuring.

On 17 September 2009 the Board of Directors of JSC BTA Bank adopted the decision on the restructuring of JSC BTA Bank.

On 18 September 2009 JSC BTA Bank provided the Agency of the Republic of Kazakhstan for Regulation and Supervision of the Financial Market and Financial Organisations with the decision of the Board of Directors of JSC BTA Bank dated 17 September 2009 on the restructuring of JSC BTA Bank and a draft restructuring plan of JSC BTA Bank.

On 24 September 2009 JSC BTA Bank provided the Agency of the Republic of Kazakhstan for Regulation and Supervision of the Financial Market and Financial Organisations with the Memorandum of Understanding with the Steering Committee, calculations which take into account the options proposed by the Steering Committee, the adjusted Restructuring and Recapitalization Plan and calculations which take into account the options proposed by the bank.

On 25 September 2009 JSC BTA Bank provided the Agency of the Republic of Kazakhstan for the Regulation and Supervision of the Financial Market and Financial Organisations with additional information to the Restructuring and Recapitalization Plan with respect to the changed trade finance instruments options of the bank.

On 05 October 2009 the Agency of the Republic of Kazakhstan for Regulation and Supervision of the Financial Market and Financial Organisations and JSC BTA Bank executed supplement agreement in writing no.2 on JSC BTA Bank restructuring.

On 26 September 2009 the Agency of the Republic of Kazakhstan for Regulation and Supervision of the Financial Market and Financial Organisations issued the Resolution of the Board of the Agency of the Republic of Kazakhstan for Regulation and Supervision of the Financial Market and Financial Organisations No. 219 on the approval of the restructuring plan of JSC BTA Bank.

The Application for the restructuring of JSC BTA Bank was filed, in accordance with Article 59-2 of the Law of the Republic of Kazakhstan *"On banks and banking activity in the Republic of Kazakhstan"*, on the basis that JSC BTA Bank is unable to settle liability claims of particular creditors within seven calendar days following their due date for the reason of lack or insufficiency of money in JSC BTA Bank.

Many of JSC BTA Bank's creditors are not residents in Kazakhstan and, therefore, there is a significant risk that foreign creditors may litigate against JSC BTA Bank in foreign jurisdictions and have JSC BTA Bank's foreign assets and international payments frozen for many years to come.

JSC BTA Bank may require recognition of the restructuring in Kazakhstan on the basis of a decision of the Almaty Specialized Financial Court by judicial bodies of foreign states in order to procure judicial protection against foreign creditors for the period of the restructuring and thereafter.

Such foreign states include the United States and the United Kingdom, in particular, which have adopted legislation based on the UNCITRAL Model Law on Cross-Border Insolvency of 1997.

In accordance with the UNCITRAL Model Law on Cross-Border Insolvency of 1997, JSC BTA Bank, based on a decision of the Almaty Specialized Financial Court, must prove that:

1) a Kazakhstan proceeding is "a foreign proceeding", i.e. a proceeding conducted in accordance with an insolvency law in which the assets and affairs of the debtor are subject to control or supervision by the court for the purpose of reorganization or liquidation.

2) The persons nominated by JSC BTA Bank are "foreign representatives", i.e., persons appointed in a "foreign proceeding" as being responsible for the reorganisation and liquidation of the assets and affairs of JSC BTA Bank or to act as a representative of the "foreign proceeding".

3) the Almaty Specialized Financial Court's supervision of JSC BTA Bank's restructuring process is real and meaningful.

4) The methods of notifying JSC BTA Bank's creditors are appropriate in the circumstances.

5) JSC BTA Bank's creditors have enough time to review the information memorandum containing the restructuring plan, carry out their internal corporate procedures, decide what restructuring options are the most suitable for them and prepare for the meeting of the creditors held to approve the restructuring plan.

6) Any creditor is entitled to attend and file objections at the hearing of the court at which the restructuring plan, if approved by the creditors, is to be finally approved.

7) The Almaty Specialized Financial Court will approve the restructuring plan only on the basis of the determination that, subject to the criteria established by the Almaty Specialized Financial Court, the restructuring plan is fair, procedurally and substantively, to the creditors.

JSC BTA Bank requests to determine that the restructuring must be completed not later than 05 September 2010 and appoint Mr. Saidenov Anvar Galimullaevich, the Chairman of the Management Board of JSC BTA Bank (ID no. 018603860 issued on 26 October 2005), as being responsible for conducting the restructuring, convening and conducting a meeting of the creditors and as "a foreign representative" in the meaning of the UNCITRAL Model Law on Cross-Border Insolvency of 1997.

At the court hearing, the representatives of the applicant requested that the application for restructuring be fully satisfied with all ensuing consequences.

At the court hearing, the representatives of the interested party - the Agency of the Republic of Kazakhstan on Regulation and Supervision of the Financial Market and Financial Organisations – believed it possible to satisfy the application for JSC BTA Bank restructuring in full, agreeing with the terms and the nomination indicated therein.

Having heard the explanations of the representatives of the applicant, the interested party and the prosecutor's opinion in favour of the satisfaction of the application, the court deems it necessary to satisfy the application on the basis of the following.

In accordance with Article 59-2 of the Law of the Republic of Kazakhstan "On banks and banking activity in the Republic of Kazakhstan", the basis for the restructuring of JSC BTA Bank is its inability to settle liability claims of individual creditors within seven calendar days following their due date for the reason of insufficiency of money.

On 18 May 2007 JSC BTA Bank entered into the Credit Agreement with Morgan Stanley Bank International Limited (the Creditor) and Morgan Stanley & Co. International plc as the Administrative Agent pursuant to which JSC BTA Bank was provided with a credit facility for the total amount of 36 420 000 000 Japanese yens.

Due to the change of control over JSC BTA Bank by way of acquisition of the controlling stake in JSC BTA Bank by JSC National Welfare Fund Samruk-Kazyna, on 27.03.2009 the Creditor sent JSC BTA Bank a request to early repay the loan by 30 March 2009.

Due to insufficiency of funds, JSC BTA Bank could not fulfil its obligations to repay the loan under the Credit Agreement within 7 calendar days following the due date.

The aforesaid is proved by the terms of the Credit Agreement dated 8 May 2007 between JSC BTA Bank, Morgan Stanley Bank International Limited and Morgan Stanley & Co. International plc, the letter from Morgan Stanley Bank International Limited and Morgan Stanley & Co. International plc requesting the fulfillment of the obligation by 30.03.2009, the failure to fulfill the obligation by the established time and the inclusion of the obligation into the Plan for loan restructuring and recapitalisation of JSC BTA Bank approved by the resolution of the Management Board of JSC BTA Bank, no. 40 dated 18.09.2009, and the resolution of the Board of the Agency of the Republic of Kazakhstan on Regulation and Supervision of the Financial Market and Financial Organisations, no. 219 dated 26.09.2009.

Having considered the application for restructuring of the financial organization in accordance with Article 312-4 of the Civil Procedural Code of the Republic of Kazakhstan, the court renders the decision for the restructuring of the financial organization.

Based on the above and taking into account that part of the creditors are located in foreign countries, the court, guided by the requirement of reasonableness and Article 6 the Civil Procedural Code of the Republic of Kazakhstan, deems it necessary to satisfy the application for restructuring in full.

In accordance with paragraphs 8-11 of Article 59-3 of the Law of the Republic of Kazakhstan "On banks and banking activity in the Republic of Kazakhstan", JSC BTA Bank is required to conduct a meeting of JSC BTA Bank creditors holding the liabilities to be restructured, submit for approval a restructuring plan which will be fair to all holders of JSC BTA Bank's liabilities to be restructured only if an intelligent and honest person, who is a

creditor and acting in respect of his own interests, might reasonably approve it, and will be approved by the court if, on the basis of the matters presented by JSC BTA Bank and holders of JSC BTA Bank's liabilities to be restructured and the review of the information memorandum and any objections filed by such holders or others, it is fair, procedurally and substantively, to all holders of JSC BTA Bank's liabilities to be restructured.

Based on the above and in accordance with Articles 163, 217-221, 235, 237, Chapter 34-1 of the Civil Procedural Code of the Republic of Kazakhstan and Chapter 6-1 of the Law of the Republic of Kazakhstan "On banks and banking activity in the Republic of Kazakhstan", the court

**HAS DECIDED:**

To satisfy the JSC BTA Bank application for restructuring.

To determine that the restructuring of JSC BTA Bank (97, Zholdasbekov Str., Samal-2, 050051, Almaty, TRN 600900114104, BIC 190501319, account number 300166019 in the Department for records of monetary operations of the National Bank of the Republic of Kazakhstan) must be completed not later than 5 September 2010.

To appoint Mr. Saidenov Anvar Galimullaevich, the Chairman of the Management Board of JSC BTA Bank, as being responsible for conducting the restructuring of JSC BTA Bank and convening and conducting the meeting of the holders of JSC BTA Bank's liabilities to be restructured.

To appoint Mr. Saidenov Anvar Galimullaevich to act as chairman of the meeting of the holders of JSC BTA Bank's liabilities to be restructured and to submit the restructuring plan to the Almaty Specialised Financial Court for approval.

To appoint Mr. Saidenov Anvar Galimullaevich as a "foreign representative" of JSC BTA Bank authorized to conduct the restructuring of JSC BTA Bank and as a representative of JSC BTA Bank for the purposes of any restructuring-related proceedings outside Kazakhstan commenced by JSC BTA Bank, including proceedings concerning the recognition of the restructuring and of his appointment in them.

To recognize this proceeding in respect of the application for the restructuring of JSC BTA Bank as a judicial proceeding conducted in accordance with the insolvency legislation of the Republic of Kazakhstan in which the activity of JSC BTA Bank is subject to supervision by the Agency of the Republic of Kazakhstan on Regulation and Supervision of the Financial Market and Financial Organisations for the purpose of restructuring.

<u>To obligate JSC BTA Bank:</u>

- within seven calendar days following the effective date of the court decision on the restructuring, to notify of the restructuring its depositors, creditors, correspondent banks and other clients by publishing a notice in Kazakh and Russian in two periodic printed publications circulating throughout the Republic of Kazakhstan;

- to prepare and send an information memorandum, including a list of liabilities to be restructured, the restructuring plan to be approved by the creditors and describing the restructuring process, the restructuring options available to the creditors and the

business and financial condition of JSC BTA Bank, to the holders of JSC BTA Bank's liabilities to be restructured;

- to publish a notice convening a meeting of the holders of JSC BTA Bank's liabilities to be restructured in the international edition of the *Financial Times*, the *Wall Street Journal* and in leading Russian and Kazakhstan newspapers (and a copy of that notice shall be sent to the Depositary Trust Company (DTC), Euroclear and Clearstream for transmission to their participants for onward transmission to the ultimate beneficial owners of the notes issued by TuranAlem Finance B.V., BTA Finance Luxemburg S.A. and OOO TuranAlem Finance and to the registrars of the notes issued or guaranteed by JSC BTA Bank and TuranAlem Finance B.V., BTA Finance Luxemburg S.A. and OOO TuranAlem Finance;

- to post JSC BTA Bank's notice convening a meeting of the holders of JSC BTA Bank's liabilities to be restructured on *Bloomberg*, on an information service and the JSC BTA Bank corporate website;

- to specify in the notice convening a meeting of the holders of JSC BTA Bank's liabilities to be restructured how a copy of the information memorandum, the form of proxy, the claim form and the restructuring option election form may be obtained, as well as other relevant information;

- to require in the notice convening a meeting of the holders of JSC BTA Bank's liabilities to be restructured that each holder of the liabilities to be restructured shall comply with its own corporate requirements in order to be duly authorised to vote and shall duly authorise their proxy;

- to convene a meeting of the holders of JSC BTA Bank's liabilities to be restructured at the venue which will be indicated in the information memorandum in order to hold negotiations and approve the restructuring plan;

- once approved by the meeting of the holders of JSC BTA Bank's liabilities to be restructured in accordance with the established procedure and subject to the requirements specified in paragraph 9 of Article 59-3 of the Law of the Republic of Kazakhstan "On banks and banking activity in the Republic of Kazakhstan", the JSC BTA Bank restructuring plan shall be submitted to the Almaty Specialised Financial Court for approval together with the minutes of the meeting of the creditors approving the restructuring plan in accordance with the Kazakhstan statutory procedure;

- to publicly announce the date of the hearing of the Almaty Specialised Financial Court dedicated to the approval of the restructuring plan in accordance with the Kazakhstan statutory procedure.

To determine that all holders of JSC BTA Bank's liabilities to be restructured and other interested parties are entitled to attend the hearing of the Almaty Specialised Financial Court dedicated to the approval of the restructuring plan either in person or by proxy in accordance with the established procedure by filing an objection accompanied by written explanations and documents in support of such objection.

To lift the injunctive relief imposed by courts on JSC BTA Bank and its property pending a decision on the JSC BTA Bank restructuring.

From the effective date of the court decision on the JSC BTA Bank restructuring:

- the decisions previously taken by courts and arbitration courts regarding the satisfaction of claims in relation to JSC BTA Bank's liabilities to be restructured shall be suspended;

- the enforcement of claims made by holders of JSC BTA Bank's liabilities to be restructured before the effective date of the court decision on the JSC BTA Bank restructuring and during the restructuring shall be suspended;

- foreclosure on JSC BTA Bank's property shall not be allowed.

A copy of the decision shall be delivered to JSC BTA Bank, the Agency of the Republic of Kazakhstan on Regulation and Supervision of the Financial Market and Financial Organisations and the territorial enforcement bodies for execution.

The decision shall become effective on the date of its adoption and is subject to immediate enforcement.

The Judge                                                                 A.K. Kydyrbaeva

The 8-page copy is true.

The Judge                     [Signature]                                 A.K. Kydyrbaeva

[Seal]

Note.
The decision became legally effective on 16 October 2009.

The Judge                     [Signature]                                 A.K. Kydyrbaeva

[Seal] A copy of the decision was issued on 16 October 2009