WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Abraham L. Zylberberg
Evan C. Hollander
Richard A. Graham

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 15 |
| JSC BTA Bank, | ) Case No. 10-_____ ( ) |
| Debtor in a Foreign Proceeding. | ) |

**DECLARATION OF YURIY VLADIMIROVICH MALTSEV
PURSUANT TO 28 U.S.C. § 1746**

I, Yuriy Vladimirovich Maltsev, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  I am a partner in the Kazakhstan-based law firm of White & Case Kazakhstan LLP, located at 117/6 Dostyk Ave., Almaty 050059, Kazakhstan. I submit this declaration (the "Declaration") in support of the Verified Petition for Recognition of Foreign Main Proceeding and Request for Related Relief (the "Petition"), which is to be filed contemporaneously herewith, and which seeks entry of an order (i) recognizing as a foreign main proceeding, pursuant to sections 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the voluntary judicial restructuring proceeding (the "Kazakh Proceeding") that was initiated by JSC BTA Bank (the "Bank," or the "Debtor") in the Specialized Financial Court of Almaty City (the "Financial Court") in Kazakhstan and opened pursuant to a 16

October 2009 decision of the Financial Court (the "Kazakh Decision"),[1] and (ii) granting related relief pursuant to section 1520 of the Bankruptcy Code.

2.  Although Russian is my native language, I am fluent in English and have elected to execute and submit this Declaration in English.

3.  In this Declaration, after describing my background and qualifications, I provide a description of the general structure of those provisions of the Law of the Republic of Kazakhstan "*On banks and banking activity in the Republic of Kazakhstan*" (the "Banking Law") and other provisions of Kazakh law which deal with the insolvency of banks and specifically relate to this Court's consideration of the Petition, and a summary of the Kazakh Decision.

4.  In preparing this Declaration, I have reviewed (i) the Petition and (ii) the Banking Law, as well as other provisions of Kazakh law, as they relate to chapter 15 of the Bankruptcy Code.

## BACKGROUND AND QUALIFICATIONS

5.  Pertinent aspects of my legal background are as follows: I earned my law degree from *Kazakh State University*, in Almaty, Kazakhstan in 1986 and a doctorate of philosophy in the theory and history of state and law, and history of legal doctrine, from the *Kazakh Academy of Sciences*, in Almaty, Kazakhstan in 1991. Since obtaining my law degree, I have been a practicing attorney concentrating in banking, capital markets and other aspects of corporate law. I have been heavily involved in the external funding of the banking sector through the syndicated loan market and have acted for the lenders on virtually all the syndicated loans borrowed by Kazakh banks.

---

[1] A true and correct copy of the Kazakh Decision is attached as Exhibit "A" to the Declaration of Anvar Galimullaevich Saidenov pursuant to 28 U.S.C. § 1746 (the "Saidenov Declaration") filed contemporaneously herewith. An English translation of the Kazakh Decision is attached as Exhibit "B" to the Saidenov Declaration.

6. I have been involved in the drafting of numerous laws, edicts and decrees related to these areas. I was a member of the working committee that drafted the 1993 Constitution for the Republic of Kazakhstan. As Deputy Director of the Supreme Soviet Legal Department from 1991 to 1993, I reviewed, commented and advised on all new legislation, including foreign investment laws, company laws, constitutional laws and others. In 1992, I served as a member of the European Commission Joint Task Force for Law Reform in the Commonwealth of Independent States.

7. I was named a partner at White & Case Kazakhstan LLP in 1999. Since 1995, I have overseen the practice of White & Case in Kazakhstan and have been involved with the largest privatizations, banking loans, international securities offerings and mergers and acquisitions in Kazakhstan.

8. Since February 2009, I have represented and advised the Bank with respect to all aspects of the Bank's efforts at restructuring, including in connection with the Kazakh Proceeding.

9. Papers submitted by the Debtor in the Kazakh Proceeding, and in related proceedings in other courts, have been drafted by me or under my supervision.[2]

## THE KAZAKH PROCEEDING

A. **Overview of Pertinent Provisions of the Banking Law**

10. As in the United States, distressed banks are restructured under a specialized body of banking law rather than under the general provisions of Kazakh law dealing with the insolvency of ordinary companies. On 30 August 2009 the Law of the Republic of Kazakhstan

---

[2] The information concerning the Kazakh Proceeding is drawn either from public documents or from my personal knowledge. Furthermore, I have not relied on any confidential attorney-client communications or on confidential documents prepared in anticipation of litigation.

*"On amendments and additions to certain legislative acts of the Republic of Kazakhstan on improvements in the Republic of Kazakhstan laws on money payments and transfers, accounting and financial reporting of financial organizations, banking activities and the activities of the National Bank of the Republic of Kazakhstan"* (the "Amending Law") came into force. The Amending Law put into place, among other things, an insolvency regime to deal with the restructuring of financial institutions in the Republic of Kazakhstan. As such, it made amendments to the Civil Procedural Code of the Republic of Kazakhstan (the "Civil Procedural Code") and the Law of the Republic of Kazakhstan *"On banks and banking activity in the Republic of Kazakhstan"* (the "Banking Law") among other laws.[3]

11.    The Amending Law created a new Chapter 6-1 in the Banking Law which deals with the restructuring of insolvent financial institutions. Chapter 6-1 comprises Articles 59-1 to 59-3. Article 59-1 of the Banking Law sets out the concept of bank restructuring in voluntary cases in the Republic of Kazakhstan as follows: "Bank restructuring shall mean a package of administrative, legal, financial, organizational and technical, and other measures and procedures, to be applied to by a bank on the basis of a bank restructuring plan (the "restructuring plan") with the aim of improving its financial position and quality of operations."

12.    Article 59-2 provides that a bank may be subject to restructuring if it cannot discharge its debts as they fall due. Inability to pay debts as they fall due in accordance with Article 59-2 is the only ground for restructuring pursuant to the Chapter 6-1 restructuring regime.

13.    In essence, Chapter 6-1 of the Banking Law provides for a bank wishing to restructure to submit a restructuring plan to the Financial Court. Once the decision of the Financial Court to conduct a bank restructuring takes effect, the bank is required to convene a

---

[3]    Excerpts of the pertinent provisions are attached hereto as Exhibit A.

meeting of its creditors whose liabilities are to be restructured for the purpose of negotiating and approving the restructuring plan. Approval of the restructuring plan requires the consent of at least two-thirds by value of the bank's liabilities to the creditors whose claims are to be restructured. Following approval by creditors, the bank is required to submit the restructuring plan for final approval by the Financial Court. From the time of the court's initial decision to allow the restructuring proceedings to proceed, the bank may suspend performance of its outstanding obligations to be restructured and, under the Civil Procedural Code, both creditors' claims and executions upon the property of the bank are suspended.

14.     In this case it was necessary for the Bank to invoke Article 2 of the Amending Law, designed for instances in which a restructuring was underway when the amendments came into force, according to which a bank "is entitled to apply to the specialized financial court for restructuring on the basis of documents confirming the conduct of restructuring actions."

**B.     The Kazakh Proceeding**

15.     The Bank applied for restructuring pursuant to the Amending Law, the Banking Law and the Civil Procedural Code on 7 October 2009. The Financial Court granted the application in the Kazakh Decision on 16 October 2009. This approval resulted in an automatic stay of all relevant claims of the Bank's creditors and protection of the Bank's property from execution and attachment until completion of the Restructuring.

16.     As part of its decision, the Financial Court ordered that:

    a.     the Restructuring of the Bank must be completed by 5 September 2010;

    b.     Anvar Galimullaevich Saidenov should be responsible for conducting the Restructuring;

    c.     the proceeding should be recognized as a judicial proceeding conducted in accordance with the insolvency legislation of the Republic of Kazakhstan

        in which the Bank's activity is subject to supervision by the Agency of the Republic of Kazakhstan for Regulation and Supervision of Financial Markets and Financial Organizations (the "FMSA");

d.     the Bank should undertake various actions to notify and inform its creditors in relation to steps to be taken pursuant to the restructuring, including publishing an information memorandum; and

e.     previous court decisions regarding claims against the Bank should be suspended.

17.     I understand that pursuant to a decision of the Financial Court approving the Indicative Restructuring Plan, the Bank intends to publish an information memorandum during the first quarter of 2010, which will contain the definitive restructuring plan to be approved by the Bank's creditors at a meeting planned for the end of the quarter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ~~January~~ February 1, 2010
      Almaty, Kazakhstan

_____
Yuriy Vladimirovich Maltsev

White & Case Kazakhstan LLP
117/6 Dostyk Ave.
Almaty 050059
Kazakhstan
Telephone: + 7 727 2507491
Facsimile: + 7 727 2507493

Corporate and Restructuring Counsel to JSC BTA Bank