**Hearing Date: July 20, 2010 at 10:00 a.m.**
**Objections to be received by July 19, 2010**

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Evan C. Hollander
Douglas P. Baumstein

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                            :    Chapter 15
                                                                 :
JSC BTA Bank,                                                    :    Case No. 10-10638 (JMP)
                                                                 :
      Debtor in a Foreign Proceeding.                           :
                                                                 :
------------------------------------------------------------x

**MOTION FOR CONTEMPT**
**AND STAY OF ARBITRATION PROCEEDINGS**

Anvar Galimullaevich Saidenov, in his capacity as the authorized foreign representative of JSC BTA Bank (the "Bank" or "Debtor"), upon the declaration of Evan C. Hollander sworn to on July 2, 2010 ("Hollander Decl."), submits this Motion for Contempt and Stay of Arbitration Proceedings (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") against Banque Internationale de Commerce - BRED ("BIC-BRED"). In support of the relief requested in the Motion, Mr. Saidenov respectfully represents as follows:

## BACKGROUND

1. On October 16, 2009, the Debtor commenced a voluntary restructuring proceeding currently pending before the Specialized Financial Court of Almaty City in the Republic of Kazakhstan (the "Kazakh Proceeding").

2. Subsequently, BIC-BRED commenced arbitration proceedings (the "Arbitration Proceedings") against the Debtor in Switzerland before the Chamber of Commerce and Industry of Geneva on a claim that arose before the Kazakh Proceeding.

3. On March 2, 2010, this Court entered an Order Granting Petition For Recognition Of Foreign Main Proceeding And Request For Related Relief (the "Recognition Order") granting to the Debtor "all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Bank worldwide and to the Bank's property that is within the territorial jurisdiction of the United States." (Hollander Decl. Ex. 1 ¶ (B))

4. The Debtor notified BIC-BRED of the Recognition Order and demanded a stay of the Arbitration Proceedings. (Hollander Decl. Ex. 2)

5. BIC-BRED refused to stay the Arbitration Proceedings and has argued that the Recognition Order is not applicable to it. (Hollander Decl. Ex. 3 at 7)

## JURISDICTION

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

NEWYORK 7709142 (2K)

**RELIEF REQUESTED**

7. By this Motion, Mr. Saidenov requests that this Court enter an Order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9020: (1) holding that BIC-BRED is in civil contempt for having violated the Recognition Order; and (2) assessing appropriate sanctions for this civil contempt, including the costs and attorneys' fees incurred by the Bank in connection with the prosecution of this Motion and a per diem penalty for each day BIC-BRED persists in violating Recognition Order.

8. The automatic stay in the Recognition Order applies to the Arbitration Proceedings in Switzerland. Section 1520(a)(1) specifically provides that the automatic stay arises immediately and without further action by the court upon the recognition of a foreign main proceeding: "(1) sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States." As one court noted, "The consequences of an order recognizing a foreign main proceeding are substantial. Most dramatically, the U.S. automatic stay, <u>in all its details</u>, applies immediately with respect to the debtor and property of the debtor that is located within the territorial jurisdiction of the United States. <u>In re Artimm, S.r.L.</u>, 335 B.R. 149, 159 (Bankr. C.D. Cal. 2005) (emphasis added). One of the "details" of the stay is its worldwide application. <u>See</u> <u>Lykes Bros. S.S. Co. v. Hanseatic Marine Serv., GmBH (In re Lykes Bros. S.S. Co.)</u>, 207 B.R. 282, 287 (Bankr. M.D. Fla. 1997) ("[T]he automatic stay imposed by 11 U.S.C. § 362 extends beyond the territorial boundaries of the United States."); <u>Nakash v. Zur (In re Nakash)</u>, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("The Court finds . . . that based upon the applicable Code sections, other indicia of congressional intent and case law in this district, the automatic stay applies extraterritorially.");

In re McLean Indus., 74 B.R. 589, 601 (Bankr. S.D.N.Y. 1987) ("The automatic stay applies extraterritorially.").

9.  Further, the text of section 1520(a)(1) makes clear that the territorial limitations it prescribes apply only to property of the debtor. The words "property of the debtor" are modified by the words "<u>that is</u> within the territorial jurisdiction of the United States." (emphasis added). To read section 1520(a)(1)'s territorial limitation as applying to "the debtor," it would be necessary to include the ungrammatical phrase "that is" as follows: "sections 361 and 362 apply with respect to the debtor . . . that is within the territorial jurisdiction of the United States." In interpreting a statute, a court should interpret the language in a grammatical manner and avoid interpretations that are not grammatical. See In re Rose, 318 B.R. 771 (Bankr. S.D.N.Y. 2004) (noting with respect to former Section 304 of the Bankruptcy Code "[t]he Court must also review the statute pursuant to the reasonable interpretation mandated by its grammatical structure.") (internal citations and quotations omitted). If Congress' intention had been to limit the otherwise extraterritorial application of Section 362 to the United States, the statute would have needed to include commas (or different language) as follows: "sections 361 and 362 apply with respect to the debtor**,** and the property of the debtor that is**,** within the territorial jurisdiction of the United States."

10. The extraterritorial application of the stay of actions <u>in personam</u> is also proven by the limitation to such extraterritorial application in subsection (b) of section 1520, which states that "Subsection (a) does not affect the right to <u>commence</u> an individual action or proceeding in a foreign country to the extent necessary to preserve a claim against the debtor." (emphasis added) Subsection (b) would be entirely unnecessary if the stay were intended to have no extraterritorial effect. Moreover, the authorization to undertake only the limited act of

commencing a case to avoid the expiration of a statute of limitation under foreign law shows that the stay precludes creditors from taking other actions against the debtor outside of the territorial limits of the United States.  The legislative history to section 1520(b) is explicit that while this section would allow an action to preserve the claim, it "would not allow for its further prosecution" as BIC-BRED is attempting in this case.  H. Rep No. 109-31, Pt. 1, 109th Cong., 1st Sess., 115 (2005) (emphasis added).

11.    Application of the stay worldwide furthers the objectives of a Chapter 15 case, which include "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor."  (15 U.S.C. § 1501(a)(3))  Indeed, in connection with this Court's recognition of the Kazakh Proceeding as a "foreign main proceeding," this Court concluded that the Kazakh Proceeding was "a collective judicial . . . proceeding . . . in which . . . the assets and affairs of the debtor are subject to control or supervision by [the Kazakh court] for the purpose of reorganization or liquidation." (11 U.S.C. § 101(23)).  The automatic stay serves, among other things, to insure that a debtor undergoing reorganization proceedings can focus its efforts in a single primary forum and (except in limited circumstances) will not be required to undergo the distraction of defending itself on a piecemeal basis in multiple forums in numerous jurisdictions.

12.    The Recognition Order specifically grants the Debtor "the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Bank worldwide and to the Bank's property that is within the territorial jurisdiction of the United States."   (Hollander Decl. Ex. 1 ¶ (B))  Such worldwide application of the stay is clear based on the statutory language and legislative history.

NEWYORK 7709142 (2K)

13.    Despite notice of the Recognition Order, BIC-BRED has refused to stay the Arbitration Proceedings.  (Hollander Decl. Ex. 3 at 7)  By willfully refusing to stay the Arbitration Proceedings, BIC-BRED is in contempt of Court for its violation of the Recognition Order.  This Court has the power to conduct civil contempt proceedings and issue orders in accordance with those proceedings pursuant to section 105 of the Bankruptcy Code.  <u>Dubin v. Jakobowski (In re Grosse)</u>, 84 B.R. 377, 385 (Bankr. E.D. Pa. 1988).  BIC-BRED should be held in contempt of this Court and should be required, pursuant to this Court's equitable powers under section 105(a), to pay all of the Debtor's costs and reasonable attorneys' fees incurred in connection with bringing this Motion as well as a continued sanction for each day it persists in flouting this Court's order.

## CONCLUSION

For the foregoing reasons, the Debtor requests that this Court grant an order of contempt against BIC-BRED and such other relief that is necessary and appropriate.

Dated:  New York, New York
　　　　July 2, 2010

                                                  WHITE & CASE LLP

                                         By: <u>/s/ Douglas P. Baumstein</u>
                                             Evan C. Hollander
                                             Douglas P. Baumstein
                                             1155 Avenue of the Americas
                                             New York, NY 10036
                                             (212) 819-8200

                                             Attorneys for Anvar Galimullaevich
                                             Saidenov as Foreign Representative of
                                             JSC BTA Bank